IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

THOMAS ATTAWAY and JORGE
RODRIGUEZ, Individually and on
Behalf of Others Similarly Situated                                         PLAINTIFFS

v.                              Case No. 1:19-cv-1015

HYDROSTATICE OIL TOOLS, INC.,
DEVIN DEW, RANDY PHARR, and
BILLY PHARR                                                                 DEFENDANTS

**ORDER**

Before the Court is the parties' Joint Motion for Approval of Collective Action Settlement Agreement. ECF No. 57. The parties indicate they have reached a settlement agreement in this matter and seek the Court's approval of the proposed settlement.

On April 22, 2019, Plaintiffs filed their complaint against Defendants. ECF No. 2. Plaintiffs brought claims for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA") and the Arkansas Minimum Wage Act, Ark. Code § 11-3-201, *et seq*. ("AMWA"). *Id*. Plaintiffs moved to pursue their FSLA claims through a collective action (ECF No. 13), and the Court certified a collective in this matter. ECF No. 20. On January 24, 2022, the parties filed the instant motion seeking that the Court approve of their proposed Settlement Agreement (ECF No. 57-1), approve of their proposed Settlement Notice (ECF No. 57-1, p. 11), appoint Josh Sanford and Colby Qualls as group counsel for purposes of settlement, and dismiss this matter with prejudice. ECF No. 57, p. 3. The parties state that attorney's fees and costs to Plaintiffs' counsel will be resolved separately on a subsequent motion upon the Court's approval of the proposed settlement. ECF No. 57, p. 2-3.

"[T]he law is unsettled as to whether judicial approval of a proposed settlement of FLSA claims is required in the absence of a certified class." *King v. Raineri Const., LLC*, No. 4:14-cv-1828 CEJ, 2015 WL 631253, at *1 (E.D. Mo. Feb. 12, 2015) (collecting cases); *see also Stainbrook v. Minn. Dep't of Pub. Safety*, 239 F. Supp. 3d 1123, 1127 (D. Minn. 2017) (questioning whether judicial approval of a proposed FLSA settlement is necessary in the absence of a final certified collective action). Several courts have held that settlement agreements resolving wage claims are subject to court approval to ensure that the parties are not negotiating around statutory minimum wages. *See, e.g.*, *Int'l Union, United Auto., Aerospace, and Agric. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007); *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1353 (11th Cir. 1982); *Cruthis v. Vision's*, No. 4:12-cv-0244-KGB, 2014 WL 4092325 (E.D. Ark. Aug. 19, 2014). Other courts, including this Court, have held that judicial approval of an FLSA settlement is unnecessary when the lawsuit does not involve a certified class or collective action, all plaintiffs have been represented by counsel throughout the entirety of the case, and the parties wish for their agreement to remain private. *See, e.g.*, *Adams v. Centerfold Entm't Club, Inc.*, No. 6:17-cv-6047-SOH, 2018 WL 5784047, at *1 (W.D. Ark. Nov. 2, 2018); *Schneider v. Habitat for Humanity Int'l, Inc.*, No. 5:14-CV-5230-TLB, 2015 WL 500835, at *3 (W.D. Ark. Feb. 5, 2015). The Court previously certified this matter as a collective action, so it will review the settlement agreement submitted by the parties for reasonableness. *See Schneider*, 2015 WL 500835 at *2-3.

Upon review of the totality of the circumstances, the Court finds that the settlement agreement resolves a bona fide dispute, that the settlement is fair and reasonable to Plaintiffs, and that the compromise between the parties does not frustrate the requirements and implementation of the FLSA. *See Cruthis*, 2014 WL 4092325 at *1. In reaching this conclusion, the Court has

considered the following factors: (1) the stage of the litigation and the amount of discovery exchanged; (2) the experience of counsel; (3) the probability of success on the merits; (4) whether there was any "overreaching" by the employer in settlement negotiations; and (5) whether the settlement was the product of arms' length negotiations between the parties, based on the merits of the case. *Jordan v. RHD, Jr., Inc.*, No. 2:16-cv-2227-PKH, 2017 WL 3499938, at *1 (W.D. Ark. July 24, 2017). Upon review of the terms of the parties' proposed settlement, the Court finds that these factors all weigh in favor of a determination that the parties' settlement is fair and reasonable. The parties state that attorney's fees will be determined separately from the agreed upon payment to Plaintiffs and members of the collective, so there is no need for the Court to review the appropriateness of this aspect of the settlement. *See Barbee v. Big River Steel, LLC*, 927 F. 3d 1024, 1027 (8th Cir. 2019) ("When the parties negotiate the reasonable fee amount separately and without regard to the plaintiff's FLSA claim, the amount the employer pays to the employees' counsel has no bearing on whether the employer has adequately paid its employees in a settlement.").

Accordingly, the Court finds that the parties' Joint Motion for Approval of Collective Action Settlement Agreement (ECF No. 57) should be and hereby is **GRANTED**. The parties' Settlement Agreement (ECF No. 57-1) is approved. Plaintiffs' claims against Defendants are **DISMISSED WITH PREJUDICE**. The Court shall retain jurisdiction to approve of any motions for attorney's fees and costs, and to potentially vacate this order and reopen this action upon cause shown that the settlement has not been completed and that further litigation is necessary.

**IT IS SO ORDERED**, this 27th day of January, 2022.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge